LIAM E. FELSEN (CA Bar No. 350451)
lfelsen@fbtlaw.com
FROST BROWN TODD LLP
633 W. Fifth Street, Suite 900
Los Angeles, California 90071
Tel: (213) 629-7044
Fax: (213) 229-2499

Attorneys for Defendants
JAYCO, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS TORRES, in individual; and DOROTHY TORRES, a.k.a. DOTTY TORRES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JAYCO, INC., an Indiana Corporation; and DOES 1-20, inclusive<br><br>Defendants. | Case No.: 5:24-cv-00065-KK (SHKx)<br><br>(Removed from Riverside Superior Court—Case No. CVSW2306678)<br><br>**JAYCO'S NOTICE OF MOTION, MOTION TO TRANSFER VENUE TO INDIANA FEDERAL COURT PURSUANT TO 28 U.S.C. § 1404(A), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>Hearing Date: March 14, 2024<br>Hearing Time: 9:30 a.m.<br>Courtroom: 3<br><br>**Action Filed**: August 8, 2023 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 14, 2024, at 9:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 3 of the above-captioned court, located at the George E. Brown, Jr. Federal Building and United States Courthouse, 3470 Twelfth Street, Riverside, CA 92501-3801, Defendant JAYCO, INC. ("Jayco") will move the Court, pursuant to 28 U.S.C. § 1404(a), to transfer venue of this case to the United States Federal Court for the Northern District of Indiana in South Bend, Indiana, pursuant to the mandatory forum selection clause in its limited warranty.

This Motion is made on the following grounds:

First, the Court should enforce the forum selection clause because (1) federal courts generally enforce mandatory forum selection clauses in all but the most extreme circumstances (none of which apply here); (2) the applicable forum selection clause is mandatory; and (3) the forum selection clause is reasonable and enforceable, and Plaintiff cannot demonstrate otherwise.

Second, all of Plaintiff's claims in the Complaint (breach of express/implied warranty under the Song-Beverly Act) will be preserved if this action is refiled in Indiana, because Jayco will expressly stipulate that California law (including the Song-Beverly Act) will apply to all Plaintiffs' claims against Jayco in Indiana.

The Motion will be based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Tina Slabach, the Complaint, records and files herein, and upon such evidence and oral argument as may be permitted at the time of the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on Friday, January 26, 2024.

DATED: February 2, 2024             FROST BROWN TODD LLP

                                    By:_____
                                        LIAM E. FELSEN
                                        Attorneys for Defendant
                                        JAYCO, INC.

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND ............................................ 1

III. LEGAL STANDARD/AUTHORITY ................................................................... 3

IV. ARGUMENT ........................................................................................................ 3

    A.    This Case Should Be Transferred to Federal Court in Indiana Pursuant to the Mandatory Forum Selection Clause in the Jayco Limited Warranty. ........................................................................... 3

        1.    Forum Section Clauses Generally. ................................................... 3

        2.    The Jayco Limited Warranty's Forum Selection Clause is Mandatory. ........................................................................................ 4

        3.    The Jayco Limited Warranty's Forum Selection Clause Is Enforceable. ...................................................................................... 5

    B.    Plaintiff's Song-Beverly Act Rights and Claims Will Be Preserved if this Case Goes Forward in Indiana. ........................................................ 7

V. CONCLUSION ..................................................................................................... 9

FROST BROWN TODD LLP
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western District of Texas*,
134 S. Ct. 568 (2013) ............................................................................... 3, 4

*Carnival Cruise Lines, Inc. v. Shute*,
499 U.S. 585 (1991) ..................................................................................... 6

*City of New Orleans v. Municipal Administrative Services, Inc.*,
376 F.3d 501 (5th Cir. 2004) ....................................................................... 5

*Effron v. Sun Line Cruises, Inc.*,
67 F.3d 7 (2nd Cir. 1995) ............................................................................ 6

*Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.*,
466 F.Supp. 71 (S.D.N.Y.1978) .................................................................. 5

*Hunt Wesson Foods, Inc. v. Supreme Oil Co.*,
817 F.2d 75 (1987) ................................................................................. 4, 5

*Investors, Inc. v. Budco Quality Theatres, Inc.*,
741 F.2d 273 (9th Cir.1984) .................................................................... 5, 6

*M/S Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1 (1972) .................................................................................... 6, 7

*P & S Business Machines, Inc. v. Canon USA, Inc.*,
331 F.3d 804 (11th Cir. 2003) ..................................................................... 7

*Richards v. Lloyd's of London*,
135 F.3d 1289 (9th Cir. 1998) ..................................................................... 6

*Snapper, Inc. v. Redan*,
171 F.3d 1249 (11th Cir. 1999) ................................................................... 4

*Verdugo v. Alliantgroup, L.P.*
(2015) 237 Cal.App.4th 141 .................................................................... 7, 8

**Statutes**

28 U.S.C ........................................................................................................ 3

28 U.S.C. § 1404(a) .................................................................................. 1, 3

28 U.S.C. § 1406(a) ....................................................................................... 3

*California Civil Code* § 1790.1 .................................................................... 7

Song-Beverly Act ........................................................................................ 2, 1, 3, 7

Song-Beverly Consumer Warranty Act................................................................ 2, 7

Song-Beverly Warranty Act ...................................................................................... 9

**Other Authorities**

L.R. 7-3 ........................................................................................................................ 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The Jayco Motorized Limited Warranty (the "Jayco Limited Warranty") which accompanied the subject motorhome purchased by Plaintiffs LUIS TORRES ("Mr. Torres") and DOROTHY TORRES a/k/a DOTTY TORRES ("Mrs. Torres") (collectively, "Plaintiff") contains a mandatory forum selection clause that requires all actions relating to any alleged breach of express or implied warranty to be brought in the state of manufacture, which is the state of Indiana.

The Court should enforce the forum selection clause because (1) federal courts generally enforce mandatory forum selection clauses in all but the most extreme circumstances (none of which apply here); (2) the applicable forum selection clause is mandatory; and (3) the forum selection clause is reasonable and enforceable, and Plaintiff cannot demonstrate otherwise.

In addition, all of Plaintiff's claims in the Complaint (breach of express/implied warranty under the Song-Beverly Act) will be preserved if this action is refiled in Indiana, because Jayco will expressly stipulate that California law (including the Song-Beverly Act) will apply to all Plaintiff's claims against Jayco in Indiana.

For these reasons, the Court should grant this motion and immediately transfer this case to the United States Federal Court for the Northern District of Indiana in South Bend, Indiana.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On March 30, 2023, Plaintiff purchased a new 2023 Jayco Alante 29F bearing VIN # 1F65F5DN9N0A13332 (the "Motorhome") from Stier's RV Centers, LLC d/b/a Camping World RV Sales ("CWRV") in Temecula, California.  [*See* Complaint at ⁋ 5; Declaration of Tina Slabach ("Slabach Declaration") at ⁋ 3 and Exhibit A (Conditional Sale Contract and Security Agreement).]

//
//

The Motorhome was manufactured in Middlebury, Indiana. [*See* Slabach Declaration at ¶ 4.]

Every new Jayco Motorhome—including this one—is sent to dealerships such as CWRV with a packet of materials, including an owner's manual which contains the Jayco Limited Warranty. Jayco is aware of no evidence that the subject Motorhome was not delivered to CWRV, and then to Plaintiff, without the owner's manual which contains the Jayco Limited Warranty. [*See* Slabach Declaration at ¶ 5 and Exhibit B.]

Under the heading titled "LEGAL REMEDIES" on the last page of the Jayco Limited Warranty, in all capitals, is contained the following forum selection clause:

> "EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO AN ALLEGED BREACH OF WARRANTY OR ANY REPRESENTATIONS, OF ANY NATURE, MUST BE FILED IN THE COURTS WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA."

[*See* Slabach Declaration at ¶ 6 and Exhibit B.]

After Plaintiff purchased the Motorhome, the applicable Jayco Limited Warranty was registered with Jayco in the event that the Motorhome required service pursuant to that warranty. [*See* Slabach Declaration at ¶ 7.]

Plaintiff then availed themselves of the Jayco Limited Warranty, seeking service from Jayco's authorized service and repair facility. [*See* Complaint at ¶ 10-13.]

On August 8, 2023, despite the requirement in the Jayco Limited Warranty that any suit asserting breach of warranty be filed in the state of manufacture (i.e., Indiana), Plaintiff filed a complaint in Riverside County Superior Court alleging express and implied warranty-based causes of action for violation of the Song-Beverly Consumer Warranty Act. [*See* Complaint generally.]  Thus, in the Complaint, Plaintiff acknowledges having received the Jayco Limited Warranty: "Plaintiffs have duly performed all the conditions on Plaintiffs' part under the [Conditional Sale Contract and Security Agreement] and under the express and implied warranties given to Plaintiffs." [*See* Complaint at ¶ 9.]

1  On December 11, 2023, Jayco was served with a copy of the Complaint. On January 11, 2024, Jayco removed this matter to the United States District Court, in and for the Central District of California, Eastern Division, and the matter was assigned Case Number 5:24-cv-00065-KK (SHKx).  On January 18, 2024, Jayco filed its Answer in this Court.

The venue of the Complaint is improper based on the express terms of the Jayco Limited Warranty; the proper venue is in the state of Indiana.  Jayco has no objection to having this case adjudicated in Indiana and as stated throughout this motion, Jayco will stipulate to California law—including the Song-Beverly Act—applying to this case after it is transferred to Indiana.

### III. LEGAL STANDARD/AUTHORITY

A forum selection clause is to be enforced in federal court through a motion to transfer venue under section 1404(a), the basis raised by Jayco in this motion. As the United States Supreme Court instructed in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western District of Texas*, 134 S. Ct. 568 (2013), "a forum-selection clause may be enforced by a motion to transfer under [28 U.S.C.] § 1404(a)" and not through a motion to dismiss pursuant to 28 U.S.C. § 1406(a) for improper venue. The reason for this, the Court explained, is that venue may be proper in the forum in which the complaint was filed and, therefore, that forum was not "improper" and a motion to dismiss would not be in order.

### IV. ARGUMENT

**A. This Case Should Be Transferred to Federal Court in Indiana Pursuant to the Mandatory Forum Selection Clause in the Jayco Limited Warranty.**

**1. Forum Section Clauses Generally.**

In *Atlantic Marine*, the Supreme Court also reminded that "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" 134 S.Ct. at 580 (citation omitted). In determining whether a case should be transferred pursuant to a forum selection clause, a plaintiff's

FROST BROWN TODD LLP
LOS ANGELES

choice of forum is given no weight. The plaintiff bears the burden of demonstrating that the lawsuit should not be transferred to the forum to which the parties had agreed, and an argument by the plaintiff that the agreed-upon forum is inconvenient should not be a consideration for the Court. *Id.* at 581 The Court specifically elaborated on the reason for this:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

*Id.* at 583.

### 2. **The Jayco Limited Warranty's Forum Selection Clause is Mandatory.**

While permissive selection forum selection clauses identify a court in which a case **may** be brought or in which a party has consented to jurisdiction, mandatory forum selection clauses—such as the one in this case—dictate the court in which a lawsuit **must** be brought.  If the latter (permissive) type is included in a contract, there can be more than one court that can exercise jurisdiction over the dispute.  However, if a mandatory forum selection clause is used, the parties have consented that **only** the court or courts identified in the provision may hear disputes between them.

The forum selection clause in the Jayco Limited Warranty is unquestionably a mandatory forum selection clause, as it states that the courts in Indiana have "exclusive jurisdiction" over lawsuits such as the present one, thereby identifying the sole venue for this case. *See, generally, Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 & n.24 (11th Cir. 1999). The court in *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (1987), provided examples of provisions which were deemed mandatory forum selection clauses:

//
//

> [I]n *Pelleport* [*Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir.1984)], the language used was exclusive and mandatory: "this Agreement shall be litigated *only* in the Superior Court for Los Angeles (*and in no other*)." In *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.*, 466 F.Supp. 71, 72 (S.D.N.Y.1978), the court enforced the following language as exclusive: "any dispute . . . *shall be brought* in either San Diego or Los Angeles County." (emphasis added). In both of these cases it is clear that the language mandates more than that a particular court has jurisdiction. The language mandates that the designated courts are the only ones which have jurisdiction.

817 F.2d at 77-78 9 (citation omitted). In contrast, the provision at issue in *Hunt Wesson Foods* simply stated that "[t]he courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." (*Id.* at 76.) The court concluded this language invested those courts with jurisdiction over a dispute between the parties but that they were not the sole courts in which litigation had to be pursued.

Here, the Jayco Limited Warranty forum selection clause specifically uses the phrase "exclusive jurisdiction," which conveys that lawsuits arising from breach of that warranty **can only be brought** in Indiana. *See City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) ("For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive.") (citation omitted). The Jayco Limited Warranty does not merely contemplate the possibility that such litigation may be brought in Indiana; it intends that such litigation must be brought in Indiana.

Therefore, the provision is mandatory, and the Court should grant this motion because, as discussed below, Plaintiff will be unable to satisfy the burden of proving any deprivation of the ability to pursue rights in an Indiana court.

       3.    **The Jayco Limited Warranty's Forum Selection Clause Is Enforceable.**

The Jayco Limited Warranty's forum selection clause is fully enforceable and reasonable, and all actions relating to alleged breaches of that warranty must be brought

in Indiana. Even though Plaintiff may cite to the fact that the forum selection clause is found in a pre-printed limited warranty and argue, therefore, that it should not be given conclusive weight, the United States Supreme Court has held that similar terms are enforceable as long as they are not unreasonable or fundamentally unfair. *See, e.g., Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) (holding that a forum selection clause in a pre-printed ticket for a cruise was both valid and enforceable); *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7 (2nd Cir. 1995) (holding a forum selection clause in a pre-printed ticket to be valid and enforceable).

The burden—and it is a heavy burden—falls on Plaintiff to demonstrate that the forum selection clause in the Jayco Limited Warranty should not be applied. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (holding that a forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances"). Generally, "[a]bsent some evidence submitted by the party opposing enforcement of the clause to establish fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court, [such a] provision should be respected as the expressed intent of the parties." *Pelleport*, *supra*, 741 F.2d at 280.

In addition, there is no viable assertion that the forum selection clause was the product of fraud or undue influence. *See Richards v. Lloyd's of London*, 135 F.3d 1289, 1291 (9th Cir. 1998) ("For a party to escape a forum selection clause on the grounds of fraud, it must show that 'the inclusion of that clause in the contract was the product of fraud or coercion.'" (citation omitted). As Plaintiff cannot present any evidence of such fraud or coercion, this court should comfortably order this case transferred to federal court in Indiana.

Finally, the "serious inconvenience" exception to the enforcement of this forum selection clause does not apply to this case. This exception requires the objecting party to demonstrate that "trial in the contractual forum will be so gravely difficult and

inconvenient that he will for all practical purposes be deprived of his day in court." *M/S Bremen*, *supra*, 407 U.S. at 19. Plaintiff, being residents of California, do not satisfy this serious inconvenience exception: "The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." *P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (citation omitted).

As noted above, the forum selection clause is mandatory, not permissive. As Plaintiff is unable to demonstrate that pursuing claims in Indiana would be unfair or unreasonable, the Court should grant this motion.

### B. **Plaintiff's Song-Beverly Act Rights and Claims Will Be Preserved if this Case Goes Forward in Indiana.**

Plaintiff's claims—breach of express/implied warranty under the Song-Beverly Consumer Warranty Act—would not be waived after this case is transferred to Indiana. Although Plaintiff may fear losing rights that might be asserted under Song-Beverly if the Court enforces the Jayco Limited Warranty's forum selection clause and requires Plaintiff to pursue any claims in an Indiana court, Jayco certainly recognizes that the California legislature made—with certain exceptions—a buyer's rights under Song-Beverly essentially unwaivable. See *California Civil Code* § 1790.1.

Therefore, to allay any concerns in that regard, Jayco will stipulate by this motion that California substantive law—including the Song-Beverly Act—will apply to Plaintiff's warranty claims pursued in Indiana (subject to any defenses available to Jayco). [*See* Slabach Declaration at ¶ 8.] Should Plaintiff (or the Court) wish, Jayco will sign a stipulation to that effect.

In *Verdugo v. Alliantgroup, L.P.*, (2015) 237 Cal.App.4th 141, 158-59, the Court contemplated and endorsed just such a stipulation to preserve a Plaintiff's unwaivable rights in the context of a mandatory forum selection clause. The plaintiff—who had signed an employment agreement which contained a Texas forum selection clause and choice of law provision—brought a class action lawsuit in California; upon the

defendant's motion, the trial court stayed the action based on the forum selection clause. *Id.* at 146.

The Court of Appeals ultimately reversed that order because (1) the defendant simply argued that a Texas court *would most likely* apply California law; (2) for that reason forcing the plaintiff to litigate in Texas *could have* resulted in the loss of unwaivable California rights; and thus (3) the defendant had not met its burden to demonstrate why the forum selection clause should not be enforced. *Id.* at 158-59. That said, the *Verdugo* court observed that had the defendant—as Jayco proposes here—stipulated that California law would apply in Texas, such stipulation would have eliminated any uncertainty and would have met the burden of proof related to unwaivable rights:

> [Defendant] could have eliminated any doubt about which law would apply to [Plaintiff's] claims by stipulating to have the Texas courts apply California law, but it did not do so. Instead, [defendant] acknowledged Texas might apply California law while simultaneously minimizing the significance of the California statutory rights on which [plaintiff] bases her claims. [Defendant] therefore has not shown [Plaintiff's] unwaivable statutory rights will not be diminished.
> …
> [Defendant] could have eliminated any uncertainty on which law a Texas court would apply by stipulating to have a Texas court apply California law in deciding [Plaintiff's] claims, but [defendant] did not do so. Instead, [defendant] has preserved its ability to argue to a Texas court that it should apply Texas law, and [defendant] has hinted at its intention to do so by downplaying the significance of the statutory rights [plaintiff] seeks to enforce through this action.

*Id.* at 145, 158.

By stipulating that California law—and Song-Beverly—will apply to Plaintiff's claims after the case is transferred to an Indiana court, Jayco has thus "eliminated any doubt" and "eliminated any uncertainty" as to which law an Indiana court would apply to Plaintiff's claims if this action is refiled in Indiana. Unlike the defendant in *Verdugo*, Jayco has thus met its burden to demonstrate that Plaintiff's unwaivable rights as to Jayco under Song-Beverly will not be diminished by enforcement of the Jayco Limited Warranty's mandatory forum selection clause. Between Jayco's stipulation that Song-Beverly will apply to Plaintiff's claims against them and the fact that Indiana has a logical

connection with Jayco which is located in that state, the enforcement of the mandatory forum selection clause at issue would be neither unreasonable nor unfair.

In sum, Plaintiff's unwaivable rights against Jayco provided under California substantive law will not be affected by enforcement of the Jayco Limited Warranty's mandatory forum selection clause, and the case should be transferred.

## V. CONCLUSION

Plaintiff cannot on the one hand avail themselves of the express warranty but then seek to dodge that same warranty's terms and conditions. Plaintiff's causes of action under the Song-Beverly Warranty Act relate to alleged breaches of express/implied warranty, and Plaintiff is therefore subject to the mandatory forum selection clause in the Jayco Limited Warranty. Because it is not unreasonable for this Court to enforce this clause, Jayco respectfully requests that this court transfer venue of this case to the Northern District of Indiana in South Bend, Indiana.

DATED: February 2, 2024            FROST BROWN TODD LLP

By:_____
LIAM E. FELSEN
Attorneys for Defendant
JAYCO, INC.

0128551.0781012   4879-0701-7886v1

# CERTIFICATE OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **Frost Brown Todd LLP, 633 W. Fifth Street, Suite 900, Los Angeles, CA 90071**.

On February 5, 2024, I served the following document(s) on the interested parties in this action: **JAYCO'S NOTICE OF MOTION, MOTION TO TRANSFER VENUE TO INDIANA FEDERAL COURT PURSUANT TO 28 U.S.C. § 1404(a), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE**

☐   by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

| | |
|---|---|
| David N. Barry<br>THE BARRY LAW FIRM<br>11845 West Olympic Blvd.<br>Suite 1270<br>Los Angeles, CA 90064 | Attorneys for Plaintiffs Luis Torres and Dorothy Torres, a.k.a. Dotty Torres<br><br>Tel: 310-684-5859<br>Fax: 310-862-4539<br>E-mail: dbarry@mylemonrights.com |

☒   **BY CM/ECF SYSTEM:** Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

☐   **BY REGULAR MAIL:** I placed such envelope with postage fully paid in the United States mail at Los Angeles, California. I am "readily familiar" with this firm's practice of collecting and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐   **BY ELECTRONIC SERVICE:** I caused the document(s) to be sent to the persons at the electronic notification address listed in the Service List.

☒   (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on February 5, 2024, at Los Angeles, California.

*/s/ Julia Evans*
Julia Evans