DAVID N. BARRY, ESQ. (SBN 219230)
ANDREW P. MATERA, ESQ. (SBN 317394)
THE BARRY LAW FIRM
11845 W. Olympic Blvd., Suite 1270W
Los Angeles, CA 90064
Telephone: 310.684.5859
Facsimile: 310.862.4539

Attorneys for Plaintiffs, LUIS TORRES and DOROTHY TORRES, a.k.a. DOTTY TORRES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LUIS TORRES, in individual; and DOROTHY TORRES, a.k.a. DOTTY TORRES, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> JAYCO, INC., An Indiana Corporation, and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 5:24-cv-00065-KK (SHKx) (Removed from Riverside Superior Court—Case No. CVSW2306678) <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE TO INDIANA FEDERAL COURT PURSUANT TO 28 U.S.C. § 1404(A); DECLARATION OF ANDREW P. MATERA, ESQ.** <br><br> **Date: March 14, 2024** <br> **Time: 9:30 a.m.** <br> **Dept.: 3** <br><br> **Action Filed: August 8, 2023** <br> **Trial Date: None** <br><br> *Assigned to* **THE HON. KENLY KIYA KATO** <br> **Dept. 3** |

Plaintiffs Luis Torres and Dorothy Torres submit this Opposition to Defendant Jayco, Inc.'s Motion to Transfer Venue to Indiana Federal Court.

///
///
///
///

-i-
**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

# TABLE OF CONTENTS

I.     Introduction…………………………………………………………...1

II.    Defendant Initially Bears the Burden of Showing the Forum Selection
       Clause is Enforceable……………………………………………….…2

III.   Defendant has Failed to Prove that Plaintiffs Freely and Voluntarily
       Agreed to the Forum Selection Clause……………………………...…3

IV.    Jayco's Forum Selection Clause is Not Enforceable as a Matter of
       Law…………………………………………………………………….…5

       a. *Jayco's Forum Selection Clause Violates California Public Policy
          Because It Contains a Pre-Suit Jury Trial Waiver and California Has a
          Compelling Interest that Matters Involving Consumer Claims Be
          Litigated in California.* ………………5
       b. *Jayco's Warranty Terms, Including the Forum Selection Clause, are
          Unenforceable and "Entirely Plain" Violations of Public Policy under
          Song-Beverly's Express Anti-Waiver
          Provisions*…………………………………………………7
       c. *Jayco's Warranty Terms, Including the Forum Selection Clause, are also
          Unconscionable Under Contract
          law*…………………………………………9

V.     Defendant's Offer to Stipulate to Application of California Law in
       Indiana Court does not Cure the Unenforceability of the Forum Selection
       Clause…………………………………………………………………10

VI.    Plaintiffs will be Heavily Prejudiced by Defendant's Belated Attempt to
       Sanitize an Unenforceable Agreement…………………………..14

VII.   Striking Defendant's Forum Selection Clause does not Lead to Absurd
       Results…………………………………………..…………………...19

VIII.  Conclusion…………………………………...……………………19

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER
VENUE**

# TABLE OF AUTHORITIES

**<u>Cases:</u>**

*American Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1………3, 4, 6, 13

*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83…………………………………………………………….…8, 11, 12

*G Companies Mgmt., LLC v. LREP Arizona* (2023) 88 Cal.App.5th 342……………6

*Hall v. Superior Court* (1983) 150 Cal.App.3d 411…………………………………6, 7

*Intershop Communications v. Superior Court* (2002) 90 Cal.App.4th 191………6, 10

*Rheinhart v. Nissan North America, Inc.* (2023) 92 Cal.App.5th 1016….………8, 13

*Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.App.4th 899………..…….9, 10

*Verdugo v. Alliantgroup L.P.* (2015) 237 Cal.App.4th 141…………………………………………………………...…2, 7, 13, 15

*Waryck, et al. v. Jayco Motor Coach Inc.,* No. 22CV1096-L-MDD (S.D. Cal. Jan. 13, 2023)…………………………………………………….…….......13

*Nedlloyd Lines B.V. v. Superior Court* (1992) 3 Cal. 4th 459, 466. …………………6

*J.C. Millett Company v. Latchford-Marble Glass Co.* (1959) 167 Cal.App.2d 218……………………………………………………………….……18

*Hernandez v. Burger* (1980) 102 Cal. App.3d 795, 802……………………………18

*In re County of Orange* (9th Cir. 2015) 784, F.3d 520……………………………6, 7

*Younger v. Harris* (1971) 401 U.S. 37, 44………………………………………..14

*Mast, Foos & Co. v. Stover Manufacturing Co.* (1900) 177 U.S. 458, 488……………………………………………………………….……14

*O'Shea v. Littleton* (1974) 414 U.S. 488, 499–504…………………………………11

*Railroad Comm'n v. Pullman Co.* (1941) 312 U.S. 496……………………………………………………………….……14

*Burford v. Sun Oil Co.* (1943) 319 U.S. 315……………………………...…………12

*M/S Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1, 19………………....……14

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

*Decker Coal Co. v. Commonwealth Edison Co.* (9th Cir. 1986) 805 F.2d 834, 843……………………………………………………………………...…16

*Commodity Futures Trading Comm. v. Savage* (9th Cir. 1979) 611 F.2d 270…....…16

/// 

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

**Statutes:**

*Civil Code § 631*…………………………………………………………………….…*5, 6*

*Civil Code § 1608*……………………………..…………………………………19

*Civil Code § 1641*…………………………………………………………….…8

*Civil Code § 1653*…………………………..………………………………...…4

*Civil Code § 1654* …………………………..……………………………...…..4

*Civil Code § 1670.5*………………………………...………………………...10, 11

*Civil Code § 1751*…………………………………………………………3

*Civil Code § 1790.1*………………………………………………............... 3, 9

*Civil Code § 1793*…………………………………………………...……..9

*California Rules of Court Standard 2.1 (a)* ……………………………………..15

*Indiana Code § 24-5-13-5*……………………………...…………………………8

*28 U.S.C. 1404(A)*……………………………………...…………………….16

Fed. R. Civ. P. 38………………………………...………………………...…..5

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

1

## I.   **INTRODUCTION**

Pursuant to unwaivable statutory rights and remedies, Plaintiffs Luis Torres and Dorothy Torres, a.k.a. Dotty Torre's ("Plaintiffs") seek up to $1,099,357.29 as a result of Defendant Jayco, Inc.'s ("Defendant" or "Jayco") violation of California's *Song-Beverly* Consumer Warranty Act. This action stems from Plaintiffs' purchase of a new 2023 Alante 29F ("Consumer Good" or "Good") from Stier's RV Centers, LLC, DBA Camping World RV Sales, a Jayco dealership, with 2,269 miles on the odometer at the time of purchase, for $366,452.43. Plaintiff presented the Good for no less than fifteen (15) nonconformities and on no less than five (5) occasions, with the vehicle out of service for at least seventy-seven (77) days, by the time this matter was filed. Despite Plaintiffs contacting Defendant Jayco directly, Defendant failed to commence an investigation and perform an evaluation of whether or not the Consumer Good qualified for a statutory repurchase or replacement. Left with no other alternatives, Plaintiffs filed suit.

Defendant, an Indiana corporation, now seeks to force Plaintiffs to do what relevant statutory provisions do not allow: waive statutorily unwaivable rights and compel Plaintiffs to seek relief in another forum with no connection to the sale that occurred between Plaintiffs and the independently owned and operated California-based Jayco dealership, or any of the repair attempts that occurred only in the state of California.

Defendant Jayco manufactures motorhomes and distributes them nationwide. Jayco clearly derives substantial benefits from its nationwide distribution of products but seemingly hopes to avoid the burdens of responding to claims questioning the integrity of products in the very jurisdictions that it sells product in. It hopes to do so by quashing the enforcement of a consumer's rights by means of a surreptitiously placed forum selection clause in its warranty documentation.

Jayco has referred to a document which it cannot prove that these Plaintiffs received and Jayco's apparent effort to "authenticate" the documents is an utter

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

failure. In fact, Defendant Jayco failed to establish that the warranty documentation that Jayco's motion supplies as Exhibit "B" was even provided to the Plaintiffs. As Plaintiffs show herein, Jayco's Consumer Affairs Manager's declaration falls flat as she was not involved in the sale, has no personal knowledge of the transaction, and has not provided any credible evidence from the selling dealer.

Moreover, even if Jayco established that a valid forum selection clause was in place, it cannot as a matter of law enforce it. This is because the warranty documentation contains a jury trial waiver. As this clause is also unconscionable and contrary to strong California public policy, it is "unenforceable and void" under the language of Song-Beverly. Indeed, as detailed herein, granting Jayco's motion would deprive Plaintiffs of a fair opportunity to adequately present their case and all but deprive them of their "day in court" thus denying substantial justice.

Lastly, the unenforceability of the Warranty terms is not cured by Defendants' offer of stipulation to the application of California law in an Indiana court. Jayco's belated stipulation is not accepted by Plaintiffs and is ineffective because Plaintiff's unwaivable rights under state and federal law are clear as described herein. Because Defendants have failed to provide this court with a legally valid basis for their motion to transfer venue, the motion must be denied.

## II. DEFENDANT INITIALLY BEARS THE BURDEN OF SHOWING THE FORUM SELECTION CLAUSE IS ENFORCEABLE

Defendants argue that the mandatory nature of Jayco's forum selection clause places the burden of proof on Plaintiffs, to show why the clause should not be enforced. This is inaccurate.

Although it is true that ordinarily the party opposing enforcement of a forum selection clause bears the burden of proving why it should not be enforced, "**that burden is reversed when the claims at issue are based on unwaivable rights created by California statutes**." (*Verdugo v. Alliantgroup L.P.* (2015) 237 Cal.App.4th 141, 147 [emphasis added].) *Verdugo*'s reasoning rested on *America*

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

1 *Online, Inc. v. Superior Court* in which the court of appeal specifically applied this
2 reversed burden of proof to a forum selection clause based on the CLRA's provision
3 that, "[a]ny waiver by a consumer of the provisions of this title is contrary to public
4 policy and shall be unenforceable and void," (Civ. Code. § 1751). *Am. Online, Inc.*
5 (2001) 90 Cal.App.4th 1, 11.) Song-Beverly contains the same provision: "Any
6 waiver by the buyer of consumer goods of the provisions of this chapter, except as
7 expressly provided in this chapter, shall be deemed contrary to public policy and
8 shall be unenforceable and void." (Civ. Code § 1790.1.) Thus, "[w]here the effect of
9 transfer to a different forum has the potential of stripping California consumers of
10 their legal rights deemed by the Legislature to be nonwaivable, the burden must be
11 placed on the party asserting the contractual forum selection clause to prove that the
12 [statute's] antiwaiver provisions are not violated." (*Am. Online, Inc., supra,* 90
13 Cal.App.4th at p. 11.)

14 　　　　To meet their burden, Defendants must first show that Plaintiffs **freely and**
15 **voluntarily agreed to the forum selection clause**. (*Am. Online, Inc., supra,* 90
16 Cal.App.4th at p. 12 ["Our law favors forum selection agreements only so long as
17 they are procured freely and voluntarily"].)

18 **III.** **DEFENDANT HAS FAILED TO PROVE THAT PLAINTIFFS**
19 **FREELY AND VOLUNTARY AGREED TO THE FORUM**
20 **SELECTION CLAUSE**

21 　　　Critically, Defendant fails to provide any evidence or declaration indicating
22 that affirms at the time of purchase that Plaintiffs received, read, and agreed to the
23 provisions in Jayco's Warranty prior to purchasing the vehicle. Notably, Jayco's
24 Limited Warranty contains a provision forcing Plaintiffs' purported waiver of all
25 California statutory rights under *Song-Beverly*, and thereafter contains the following
26 provision ***directly below*** Defendant's limitation to Indiana:

27 　　　　THIS WARRANTY **GIVES YOU** SPECIFIC LEGAL RIGHTS. **YOU**
28 **MAY ALSO HAVE OTHER RIGHTS WHICH VARY FROM STATE TO STATE.**

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

(Slabach Dec., Ex. B. at p. 13.)

Therefore, despite purporting to clearly and unequivocally limit any action and all claims that arise to Indiana, this limited warranty *immediately* contradicts its own language and terms, stating that the warranty *gives* specific rights, informing the consumer that *they may have additional legal rights*, and makes no further trailing disclosure of any restriction of rights and remedies. This is not the sole portion of Defendant's Exhibit "B" permeated with such contradictions. The Jayco Limited Warranty simultaneously attempts to appraise Plaintiffs of their rights under state law, while stripping Plaintiffs of all of their rights and remedies under California state law. This act of front-loading notifications to consumers of the rights that they have in other states before inserting a clause stripping them of their rights in such states is little more than a *deliberate* attempt to misdirect consumers into thinking that they have certain rights in their own state when they actually have none, should this single provision control above all else.

California's *Civil Code* § 1653 states that, "[w]ords in a contract which are *wholly inconsistent with its nature, or the main intention of the parties*, are to be rejected. *Civil Code* § 1653. [Emphasis added.] And [i]n cases of uncertainty not removed by the preceding rules, the language of a contract should be interpreted *most strongly against the party who caused the uncertainty to exist. Civil Code* § 1654 [Emphasis added.] Defendant's burden is to show that Plaintiffs **freely and voluntarily agreed to the forum selection clause**. *See, Am. Online, Inc., supra,* 90 Cal.App.4th at p. 12. However, Defendant has failed to make a sufficient showing of such, given the lack of Plaintiffs signature on any such document or any admissible evidence indicating that Plaintiffs were provided with the warranty prior to purchase. Defendant, as the sole drafter of the limited warranty, must now have its provisions interpreted most strongly against it.

Any agreement to waive and/or limit the Plaintiffs' rights and remedies as to applicable law and forum was procured through misdirection. Defendant has thus

failed to meet its burden of showing Plaintiffs freely and voluntarily agreed to the forum selection clause.

## IV. JAYCO'S FORUM SELECTION CLAUSE IS NOT ENFORCEABLE AS A MATTER OF LAW

***A. Jayco's Forum Selection Clause Violates California Public Policy Because It Contains a Pre-Suit Jury Trial Waiver and California Has a Compelling Interest that Matters Involving Consumer Claims Be Litigated in California.***

California has a constitutionally granted and statutorily guarded jury trial right. California Code of Civil Procedure § 631 (a) provides that "[t]he right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate. [Emphasis added]. Further, Section 631(f) provides that jury trial waivers may only be enforced in the specific circumstances, none of which are present here.

Federal law's protection of the right to a jury trial is similarly preserved by statute and the U.S. Constitution. See, e.g. Fed. R. Civ. P. 38.[1]

The very last page of Jayco's Exhibit "B" (Warranty Registration) contains a section titled, "Legal Remedies," which states:

**"ALL ACTIONS OF ANY KIND RELATED TO OUR MOTORHOME SHALL BE DECIDED BY A JUDGE RATHER THAN BY A JURY."**

Jayco's pre-suit jury trial waiver is clearly meant to be read in concert with the forum selection clause and the choice of law clause contained therein. Jayco's pre- suit jury trial waiver is not only void but it renders the entire forum selection clause unenforceable, *ab initio*.

In 2005, the California Supreme Court held that state law does not permit a pre-dispute contractual waiver of the right to jury trial. *Grafton Partners v.*

---

[1] Rule 38 provides "(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

*Superior Court* (2005) 36 Cal. 4th 944. The Court held that a jury trial waiver could only be accomplished under the specific methods set forth in section 631(f) the *Code of Civil Procedure* or by selecting a nonjury forum authorized by statute, such as arbitration (CCP 1231) or a trial by referee (CCP 638). But, ***the parties to an agreement cannot validly decide in advance that any dispute will be resolved in only a court trial***. Such a contractual pre-suit waiver, exactly like the one contained in Jayco's warranty documents, is void, *ab inito* and cannot be enforced.

"California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy." *Am. Online, Inc. v. Superior Court* (2001) 90 Cal. App. 4th 1, 12. Also see (*Intershop Communications v. Superior Court* (2002) 104 Cal.App.4th 191, 199-200 ["a forum selection clause will not be enforced if to do so would bring about a result contrary to the public policy of this state"]; *Hall v. Superior Court* (1983) 150 Cal.App.3d 411, 416-417 ["an agreement designating [a foreign] law will not be given effect if it would violate a strong California public policy ... [or] result in an evasion of ... a statute of the forum protecting its citizens"], internal quotations and citations omitted.) The principles set out in these cases were recently reaffirmed in *G Companies Mgmt., LLC v. LREP Arizona* (2023) 88 Cal.App.5th 342, 353. (Review denied).

Along the same lines, a choice of law clause will not be enforced if the chosen state's law is contrary to a fundamental policy of California and California has the materially greater interest in enforcement. *Nedlloyd Lines B.V. v. Superior Court* (1992) 3 Cal. 4th 459, 466. *In re County of Orange* (9th Cir. 2015) 784, F.3d 520, the Court reasoned that the jury trial right is "intimately bound up with the state's substantive decision making and it serves substantive state policies of preserving the right to a jury trial in the strongest possible terms, an interest the California Constitution zealously

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

guards."   Further, under *In re County of Orange¸* when a federal court sitting in diversity (as this one is) is evaluating a pre-suit jury trial waiver, it *must* apply the relevant *state law* when that law is more protective than federal law.   *In re County of Orange*, *supra*, 784 F.3d at 531-532.

California's inviolate jury trial right takes precedence here. Jayco's forum selection clause cannot be enforced because doing so would give life to a jury trial waiver that case law recognizes is void *ab initio* and would amount to  a court sponsored violation of Plaintiffs' constitutional and statutory rights protected by California and Federal law.

### B. Jayco's Warranty Terms, Including the Forum Selection Clause, are Unenforceable and "Entirely Plain" Violations of Public Policy under Song-Beverly's Express Anti-Waiver Provisions.

In deciding whether a forum selection clause violates the statute's anti-waiver provision, the court should not construe the clause in isolation, as Defendants urge; **forum selection clauses must be read together with choice of law clauses** because they are "inextricably bound up" to prevent a buyer from invoking California's Song-Beverly protections. (See *Verdugo v. Alliantgroup, L.P.*  (2015) 237 Cal.App.4th 141, 154, quoting *Hall v. Superior Court, supra*, 150 Cal.App.3d at p. 416.) Here, Jayco's Warranty contains the following paragraph:

> EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO AN ALLEGED BREACH OF WARRANTY OR ANY REPRE- SENTATIONS OF ANY NATURE, MUST BE FILED IN THE COURTS WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA. THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA. UNLESS PROHIBITED BY STATE LAW, ALL CLAIMS, CONTROVERSIES AND CAUSES OF ACTION ARISING OUT OF OR RELATING TO THIS LIMITED WARRANTY SHALL BE GOVERNED BY THE LAWS OF THE STATE OF INDIANA, INCLUDING ITS STATUTE OF LIMITATIONS, WITHOUT GIVING EFFECT TO ANY CONFLICT

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

OF LAW RULE THAT WOULD APPLICATION OF THE LAWS OF A DIFFERENT JURISDICTION. (Slabach Dec., Ex. B. at p. 13.)

Clearly, this paragraph is intended to waive buyers' rights under California law, specifically *Song-Beverly*. As Indiana law requires that a covered good is one that is sold to a buyer in Indiana, and the entirety of this transaction occurred in the state of California, Indiana's equivalent lemon law strip California purchasers like Plaintiffs of their legal rights in this state, and sends them to a state where they have little to no rights at all. *Indiana Code* § 24-5-13-5.

In addition, the "whole contract is to be taken together, so as to give effect to every part, . . . each clause helping to interpret the other." *See, Civil Code* § 1641. Looking at the Warranty as a whole, the terms and clauses clearly violate Song-Beverly and are, therefore, unenforceable and void per statutory language. (Accord *Armendariz v. Foundation Health Psychcare Services, Inc*., *supra*, 24 Cal.4th at p. 100 ["Agreements whose object, directly or indirectly, is to exempt [their] parties from violation of the law are against public policy and may not be enforced"].)

As early as June of 2023, the Court of Appeals has affirmed the need to invalidate contracts on grounds of public policy violations when the violation is "entirely plain" and "clearly injurious to the interests of society." *Rheinhart v. Nissan North America, Inc.* (2023) 92 Cal.App.5th 1016, 1028. The Court of Appeals began by affirming that the purpose of the *Song-Beverly* Consumer Warranty Act was to address difficulties consumers faced in enforcing express warranties, being frequently frustrated in their attempts to hold manufacturers accountable to their promises. (*Id.*, at 1024.) The Court of Appeals further affirmed the purpose of the act as a "manifestly remedial measure, intended for the protection of the consumer", and further affirmed that the act should be given "a construction calculated to bring its benefits into action." (*Id.*, at 1026-1027.) The Court, having undertaken an analysis of *Verdugo*, further stated that even "favored contracts or contractual provisions" were subject to invalidation if doing so would "substantially

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

diminish the rights of California residents in a way that violates our state's public policy," and focused on giving effect to the Act's manifestly remedial and consumer protection purposes in finding the release in *Rheinhart* void as a matter of public policy. (*Id.*, at 1028, 1034-1035.) Despite the plaintiff in *Rheinhart* having signed an agreement that he had read the agreement and fully understood it, the Court of Appeals found that, in reality:

> There is no evidence otherwise that Rheinhart, who was unrepresented by counsel, was aware of his rights under the Act or its antiwaiver provision. He did not expressly waive his rights under the Act. The circumstances suggest unequal bargaining strength between a consumer unaware of his rights and **a manufacturer seeking to circumvent its statutory obligations.** (*Id.*, at 1035.) [Emphasis added.]

Here, as in Rheinhart, Jayco is clearly seeking to circumvent its statutory obligations. None of the provisions cited earlier within this opposition have had an effect other than to waive or otherwise restrict Plaintiffs' unwaivable statutory rights, and thus the entirety of the purpose of these provisions have been to seek to circumvent its obligations under *Song-Beverly*. Nor does Jayco offer any facts that the purpose of its numerous waiver and restriction provisions, was offered for a purpose other than to circumvent its obligations. Jayco's restriction of Plaintiffs' warranties, *both* express *and* implied, operate as an "entirely plain" violation of public policy, pursuant to *Civil Code* § 1790.1 *and* § 1793, which states in unequivocable terms that "a manufacturer […] *may not limit, modify, or disclaim the implied warranties guaranteed by this chapter* to the sale of consumer goods." To permit Defendant to enter into illicit agreements with consumers in the first place and restructure such agreements at its leisure would be to promote the occurrence of such "entirely plain" violations of public policy.

### C. Jayco's Warranty Terms, Including the Forum Selection Clause, are also Unconscionable Under Contract law.

The forum selection clause is also unenforceable because it is included in a contract of adhesion. (See *Sanchez v. Valencia Holding Co., LLC*, (2015) 61 Cal.4th

899, 911 [the defense of unconscionability applies to enforceability of a standardized contract the terms of which a consumer had no meaningful opportunity to negotiate.]; see also *Intershop Communications v. Superior Court*, *supra*, 104 Cal.App.4th at p. 201-202 ["A forum selection clause within an adhesion contract will be enforced 'as long as the clause provided adequate notice to the [party] that he was  agreeing to the jurisdiction cited in the contract'"], internal citations omitted.) "[T]he adhesive nature of [a] contract is sufficient to establish some degree of procedural unconscionability." (*Id*. at p. 915.) "[T]he substantive unfairness of the terms must be considered in light of any procedural unconscionability. The ultimate issue in every case is whether the terms of the contract are sufficiently unfair, in view of all relevant circumstances, that a court should withhold enforcement." (*Id*. at p. 912.) Because the Warranty contains "terms that are 'unreasonably favorable to the more powerful party,'" it is more than "'a simple old-fashioned bad bargain,'" and thus substantively unconscionable. (*Sanchez v. Valencia Holding Co., LLC*, *supra*, 61 Cal.4th at p. 911, internal citations omitted.)

This court should find the forum selection clause unenforceable because it is both contrary to public policy and unconscionable. (See *Civil Code* § 1670.5 ["[i]f the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, *or it may so limit the application of any unconscionable clause as to avoid any unconscionable result*"], emphasis added.)

## V.   DEFENDANT'S OFFER TO STIPULATE TO APPLICATION OF CALIFORNIA LAW IN AN INDIANA COURT DOES NOT CURE THE UNENFORCEABILITY OF THE FORUM SELECTION CLAUSE

Defendant argues Plaintiffs' rights under California law will be preserved

-10-

because they will stipulate to the Indiana court applying Song-Belverly. (*See,* Def. Motion at 7:11-28, 8:1-28, 9:1-5.) The Court should be wary of this because the offered "stipulation," which Plaintiffs reject outright, remains predicated upon a forum selection clause that is linked to a jury trial right. This stipulation does not cure, but instead adds, to the unenforceability of the forum selection clause.

In *Armendariz*, our Supreme Court discussed the court's discretion under section 1670.5:

> Comment 2 of the Legislative Committee comment on section 1670.5, incorporating the comments from the Uniform Commercial Code, states: "Under this section the court, in its discretion, may refuse to enforce the contract as a whole if it is permeated by the unconscionability, or it may strike any single clause or group of clauses which are so tainted or which are contrary to the essential purpose of the agreement, or it may simply limit unconscionable clauses so as to avoid unconscionable results." (Legis. Com. com., 9 West's Ann. Civ. Code (1985 ed.) foll. § 1670.5, p. 494 (Legislative Committee comment).)

(*Armendariz v. Foundation Health Psychcare Services, Inc*., *supra*, 24 Cal.4th at p. 122.)

The court refused to use its discretion to cure an arbitration agreement by severing the illegal provisions, because the agreement had multiple such terms which together "permeated" it with an unlawful purpose such that there was no single provision the court could strike "to remove the unconscionable taint from the agreement." (*Id*. at pp. 124-125.) The court stated it would have to reform the contract, "not through severance or restriction, but by augmenting it with additional terms," which it was not authorized to do. (*Ibid*.) Similarly, here there are multiple illegal terms in the Warranty, all intended to waive the buyer's rights under Song-Beverly, including the right to a jury trial. Thus, the agreement is permeated with an unlawful purpose such that striking a single provision could not remove the unconscionable taint from the agreement. This court's imposition of Defendants' stipulation offer would be akin to augmenting the agreement with an additional

-11-
**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

term—allowing unilateral modification by Jayco—which the court is not authorized to do.

Moreover, the *Armendariz* court found the drafting party's current willingness to change certain provisions in the arbitration agreement did "not change the fact that the arbitration agreement *as written is unconscionable and contrary to public policy*. Such a willingness can be seen, at most, as an offer to modify the contract; an offer that was never accepted. No existing rule of contract law permits a party to resuscitate a legally defective contract merely by offering to change it." (*Armendariz v. Foundation Health Psychcare Services, Inc.*, *supra*, 24 Cal.4th at p. 125, emphasis added.) The same is true in this case. The Warranty is unconscionable and contrary to public policy *as written*. Defendants' stipulation offer does not change that fact, and it should be rejected as an impermissible attempt to modify the agreement in order to resuscitate it.

In fact, endorsing the stipulation itself is contrary to California public policy. By drafting and entering into warranty agreements that Defendants know contain **both** conflicting notices of a consumer's legal rights (as discussed previously) **and** illegal provisions under California law, they are acting in bad faith and conducting an illegal scheme. (Accord *Armendariz v. Foundation Health Psychcare Services, Inc., supra*, 24 Cal.4th at p. 129 [employer who knowingly and routinely inserted deliberately illegal clauses into arbitration agreement acted in bad faith and created an illegal scheme].) Defendant's benefit is that purchasers of defective motorhomes may initiate a lawsuit in Indiana as directed by the warranty, only to find Indiana's lemon law excludes motorhomes and that they have lost their rights in California. Some consumers will be discouraged to seek relief upon realizing they will have to file suit in a distant forum. If Defendants know that the only consequence they will face in a California court is severance of the choice of law clause or a stipulation to sever the clause, they will not be deterred from drafting the illegal clauses in the first place. (*Ibid*. "[A]n employer will not be deterred from routinely inserting such a

deliberately illegal clause into the arbitration agreements it mandates for its employees if it knows that the worst penalty for such illegality is the severance of the clause after the employee has litigated the matter. In that sense, the enforcement of a form arbitration agreement containing such a clause drafted in bad faith would be condoning, or at least not discouraging, an illegal scheme, and severance would be disfavored unless it were for some other reason in the interests of justice"].) It is significant that "relief afforded by the CRLA is unique, as its purpose is not simply to correct future private injury but to remedy a public wrong." (*America Online, supra*, 90 Cal.App.4th at p. 16.) A stipulation here would work against remedying a public wrong.

At least one California court has found that identical stipulation offers would "contravene California public policy ***because it would not deter the drafter from including [the forum selection clause in combination with other clauses into the warranty]***", the selfsame reasons the Court in *Rheinhart* considered when ruling against the Defendant motor vehicle manufacturer. (See *Waryck, et al. v. Jayco Motor Coach Inc.*, No. 22CV1096-L-MDD (S.D. Cal. Jan. 13, 2023), *Rheinhart v. Nissan North America, Inc.* (2023) 92 Cal.App.5th 1016, 1033-1034.)

In addition, whether California law will indeed be applied upon the parties hypothetical stipulation, is for an Indiana court to decide. Therefore, at best, Defendants are speculating as to what an Indiana court might do and their assertion that California law "will apply" rings hollow. Essentially, Defendants are offering to stipulate to an uncertainty, and expecting Plaintiffs to gamble with their rights. This is the same the type of claim rejected in *Verdugo*—that the court in the other forum "*would most likely* apply California law"—as being "conclusory speculation." (*Verdugo v. Alliantgroup L.P.*, *supra*, 237 Cal.App.4th at pp. 145, 158.)

This Court should follow principles of comity. "[T]he notion of 'comity,'" Justice Black asserted, is composed of "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of

separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. This, perhaps for lack of a better and clearer way to describe it, is referred to by many as 'Our Federalism'." *Younger v. Harris* (1971) 401 U.S. 37, 44.

"Comity is a self-imposed rule of judicial restraint whereby independent tribunals of concurrent or coordinate jurisdiction act to moderate the stresses of coexistence and to avoid collisions of authority. It is not a rule of law but "one of practice, convenience, and expediency," *Mast, Foos & Co. v. Stover Manufacturing Co.* (1900) 177 U.S. 458, 488. Recent decisions emphasize comity as the primary reason for restraint in federal court actions tending to interfere with state courts. See, e.g., *O'Shea v. Littleton* (1974) 414 U.S. 488, 499–504.

The only appropriate approach in response to Jayco's suggested stipulation is that the Court reject the offer and abstain from using it as a "workaround" and the basis of granting the motion because the motion is already predicated on flimsy legal footing. Abstention was formulated by Justice Frankfurter for the Court in *Railroad Comm'n v. Pullman Co.* (1941) 312 U.S. 496. Other strands of the doctrine are that a federal court should refrain from exercising jurisdiction in order to avoid needless conflict with a state's administration of its own affairs. *Burford v. Sun Oil Co.* (1943) 319 U.S. 315. At bottom, the abstention doctrine instructs federal courts to abstain from exercising jurisdiction if applicable state law, which would be dispositive of the controversy, is unclear and a state court interpretation of the state law question might obviate the necessity of deciding an issue. That is the case here."

## VI.  <u>PLAINTIFFS WILL BE HEAVILY PREJUDICED BY DEFENDANT'S BELATED ATTEMPT TO SANITIZE AN UNENFORCEABLE AGREEMENT</u>

Jayco may claim that a stay is an appropriate contingency in the event an Indiana court does not apply California law, however, both the *Verdugo* and

*America Online* courts disagreed with this course of action. The *Verdugo* court stated the defendant in that case "overstate[d] a trial court's authority to resume an action after staying it on forum non conveniens grounds," because "the Texas court's decision to apply Texas law in deciding Verdugo's claims would not make Texas an unsuitable forum and would not necessarily allow the trial court to resume proceedings on Verdugo's claims." (*Verdugo v. Alliantgroup L.P.*, *supra*, 237 Cal.App.4th at p. 162.)

Meanwhile, Plaintiffs will be heavily prejudiced by delay, in first having to await determination of whether or not an Indiana court would apply Indiana state law to the instant dispute. This process may take months, if not a year, for such a determination to be made, and runs counter to the principle of eliminating unnecessary delays. (Rule of Court Standard 2.1(a).) Plaintiffs will be further prejudiced in having their right to choice of counsel impacted, as they will be left with no alternative but to seek counsel in a jurisdiction outside both their place of residence and outside of the location where every single event in relation to this matter occurred.

Defendant's stipulation offer is just that, an "offer." For the various reasons stated here, Plaintiffs understandably do not accept this offer. Thus, there is no "stipulation agreement" for the court to enforce. There only remains the question of the original forum selection clause's enforceability, which should be unaffected by Defendants' offer to **belatedly** sanitize the clause.

Defendant's offer of a stipulation should be rejected as it neither resuscitates the invalidity of the forum selection clause, nor protects Plaintiffs' unwaivable rights under California law.

## VII. WITHOUT A VALID FORUM SELECTION CLAUSE, JAYCO'S MOTION IS NOTHING MORE THAN A GENERIC MOTION TO CHANGE VENUE THAT FAILS TO ESTABLISH THE HIGH

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE

## BURDENS OF WITNESS CONVENIENCE OR MEETING THE ENDS OF JUSTICE UNDER 28 U.S.C. 1404(A).

As Jayco's motion noted, the U.S. Supreme Court recognized in both *Atlantic Marine* and *M/S Bremen* that forum selection clauses bear a "presumption" of validity. However, "presumptive" validity does not render enforcement absolute. Both cases recognized this and noted that circumstance exist where enforcement would be "unreasonable" or "seriously inconvenient." *M/S Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1, 19. Here, however, the issue is not one of simple "unreasonableness" or "serious inconvenience." The entire premise of Jayco's motion, a valid forum selection clause, is in question under California law. Indeed, Jayco's proposed "stipulation," as discussed above, confirms that even Jayco believes that its forum selection clause is on questionable legal footing. As such, when this Court separates the wheat from the chaff, it is evident that the "presumption" from *Atlantic Marine* or *M/S Bremen* has all but evaporated, relegating Jayco's motion to nothing more than a generic, statutory motion to change under 28 U.S.C. § 1404 (a) under which Jayco has likewise failed to carry its burden.

When deciding a statutory motion to transfer venue, Plaintiffs are entitled to a preference of their chosen forum and that choice of forum is entitled to great deference unless the moving party can show that other factors of convenience outweigh Plaintiff's forum choice. *Decker Coal Co. v. Commonwealth Edison Co.* (9th Cir. 1986) 805 F.2d 834, 843. This means that the moving party show that a transfer of venue will allow a case to proceed more conveniently and better serve the interests of justice. *Commodity Futures Trading Comm. v. Savage* (9th Cir. 1979) 611 F.2d 270. To do so, this Court must look at the private and public factors. Private-interest factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining willing

-16-

witnesses; (3) possibility of viewing subject premises; and (4) all other factors that render trial of the cases expeditious and inexpensive. Public-interest factors include: (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action, and (5) the avoidance of unnecessary problems in conflicts of law. *Decker Coal Co.*, *supra*, 805 F.2d at 843.

Here, all of the private and public factors weigh in favor of the Plaintiffs' chosen forum in Riverside County. Beyond a corporate office, Indiana has no connection with or interest in hearing a statutory lemon law applying the Song-Beverly Act to a case about a vehicle that was purchased at Stier's RV Centers in Temecula, California. Indeed, Indiana's courts are not equipped to properly apply the Song-Beverly Act with all its nuances developed over forty (40) years of litigation involving the Act.

Moreover, everything necessary to the effective prosecution and defense of this case sits in California. All repairs were performed in California, all repair records are maintained by the selling dealer located in California, all of the dealer's technicians and critical witnesses are in California. There are significant obstacles to obtaining jurisdiction over the attendance of the important dealer and technical witnesses residing in California, to attend any trial in Indiana. None of the critical witnesses can be compelled to testify at a lemon law case in federal court in Indiana. With the exception of the Plaintiffs, none of these witnesses could realistically be expected to leave their jobs or family to travel to Indiana to testify for a matter that does not involve their personal interests or their employer's interests.

In considering issues of venue, California courts have long noted the importance of testimony from ***live*** witnesses. For example, in *J.C. Millett*

-17-

*Company v. Latchford-Marble Glass Co.* (1959) 167 Cal.App.2d 218, the court held that: [T]here are several logical and valid inferences arising from the averments in the affidavits to support the trial court's conclusion that the ends of justice would be better served by transferring the trial closer to the witnesses. In the first place, the witnesses would be readily accessible for immediate recall if further testimony was desirable, thus preventing needless delays. The obvious saving in the witnesses' time and expense in traveling also promotes justice.    Furthermore, the ends of justice are better served by representing to the trier of fact oral testimony rather than submitting the same through depositions. *Id* at 167 Cal.App.2d at 227-228.

As further stated in *J.C. Millett*, "it is manifestly always more satisfactory and desirable, in jury cases in particular, to present the testimony firsthand to those who must determine the questions of fact, than to submit the same through depositions, which, in practicable effect, is always a sort of hearsay way of adducing the proofs." *Id* at 228.

More importantly, California has a direct interest, much more than Indiana, in protecting one of its consumers residing within its own state and administering the laws of its state, particularly where the issues emanate within California's borders. *See*, *e.g.*, *Hernandez v. Burger* (1980) 102 Cal. App.3d 795, 802. ["Indeed, with respect to regulating or affecting conduct within its border**,** the place of the wrong has the ***predominant*** interest."]

California provides the appropriate forum for this case.  California provides the most complete access to those individuals and information critical to the presentation of this case, both from the Plaintiff and defense perspectives.  The key question then, is this: What possible state interest can Indiana have to enforce a California consumer's rights where every piece of documentary, physical and testimonial evidence is in California?  Similarly, what possible interest can an

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

Indiana judge or jury have in adjudicating a California consumer's rights?  The answer to both questions is "None." Jayco's motion should be denied.

## VIII.  <u>STRIKING DEFENDANT'S FORUM SELECTION CLAUSE DOES NOT LEAD TO ABSURD RESULTS</u>

Defendant may argue in reply that to find fault with the warranty in its entirety rather than in part would lead to an "absurd result" in voiding the "entire warranty." However, Plaintiffs would address such an argument as follows: First, a finding of fault with Defendant's express warranty terms does not divest Plantiffs of the benefits of the implied warranty of merchantability, nor does it divest them of remedies afforded under *Song-Beverly* arising from Defendant's alleged violation of the implied warranty. Second, *Civil Code* § 1608 states exactly that: "If any part of a single consideration for one or more objects, or of several considerations for a single object, is unlawful, the entire contract is void."

Second, as contemplated in *Rheinhart*, given the unequal bargaining strengths at play, and the fact that Plaintiffs had absolutely no input in the drafting of the express warranty agreement, any such result, if considered "absurd," is entirely a result of Defendant's own making, and such provisions must be construed most strongly against Defendant.

## X.  <u>CONCLUSION</u>

Based on the foregoing reasons, Plaintiffs respectfully request that this court deny Defendants' motion to transfer venue this action.

Date:  February 22, 2024      THE BARRY LAW FIRM

         By: ___*/s/ Andrew P. Matera*___
         DAVID N. BARRY, ESQ.
         ANDREW P. MATERA, ESQ.
         Attorneys for Plaintiffs,
         LUIS TORRES and DOROTHY TORRES

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

## DECLARATION OF ANDREW P. MATERA

I, Andrew P. Matera, declare as follows:

1.       I am an attorney duly licensed to practice before all of the courts in the State of California and this Court and I am an associate attorney with The Barry Law Firm, counsel of record for the Plaintiffs in this matter. I make this Declaration in support of Plaintiffs' Opposition to Jayco Motor Coach's Motion to Transfer Venue.

2.       I am/was the attorney with primary handling responsibility of this matter and therefore, I have personal knowledge of all proceedings in this case. Accordingly, if called upon as a witness, I could and would competently testify to the following based upon my own personal knowledge.

3.       In regard to Jayco's practice of seeking to enforce a forum selection clause in its warranty materials, I am intimately familiar with selected cases where Jayco or Thor Industries, Inc. (which owns Jayco, Inc.) has pursued such an approach.  This familiarity is based upon my review of the case materials in these cases and extensive discussions with plaintiff's counsel in those cases.  The following is pertinent to the handling of this matter.

4.       In the matter of *Scott v. Jayco, Inc.*, in the Eastern District of California (1:19-cv-00315-JLT), Jayco attached a warranty with a venue provision to its motion to transfer to Indiana. The case was subsequently transferred to Indiana. Later, it was discovered that the warranty relied on by Jayco was not the warranty given to the plaintiff. Once informed of the fact that the warranty given to Mr. Scott contained no venue provision, the parties made another request to transfer the case back to California.  The parties wasted nearly six months and the resources of both California and Indiana federal courts to end up in the exact same place that they started.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

5.     This was again true in *Frank v. Thor Industries Inc..*, which was filed in the Northern District of California (5:15-CV-02692-HRL). That case involved a 2015 Thor Tuscany. According to Thor's deposition testimony in that matter, Thor decided to add a venue provision to its warranties at some point between October 15, 2012 and April 29, 2013. According to the "process" used by Thor for its warranties, there should have been no way that Mr. and Mrs. Frank received a warranty without a venue provision. Yet, somehow they did. And again, Thor had no explanation for how this happened.

6.     In the matter of *Forkum v. Thor Industries Inc..* in the Eastern District of California (2:17-CV-02196-TLN-CKD), Thor moved to transfer venue based on a forum selection clause similar to the one at issue here. The problem in that case is was that the plaintiff, Mr. Forkum had never seen the warranty attached to Defendant's Declaration. The warranty given to Mr. Forkum, and for which he signed a Registration and Acknowledgement of Receipt of Warranty and Product Information, contained a very different venue provision that was unenforceable for other reasons not relevant here.

7.     Similarly, in the matter of *Lee v. Thor Industries Inc.* in the Northern District of California (5:16-cv-05264-HRL). There, the plaintiff had was given a warranty that contained *no* forum selection clause. At the deposition of Thor corporate representative, he was asked to produce the warranty given to Mr. Lee. Thor's representative produced a different warranty than the one actually given to Mr. Lee. When asked how it was possible that Mr. Lee could have received a warranty with no forum selection clause, Thor's representative did not know.

8.     The Defendant's supporting Declaration of Tina Slabach, Consumer Affairs Manager for Jayco, Inc., indicating that the Jayco's Limited Warranty is generally sent to dealerships and that "Jayco is aware of no evidence that the subject

Motorhome" was delivered to Plaintiff without the owner's manual containing the Jayco Limited Warranty, fails to authenticate the document. Defendant fails to provide any evidence that Plaintiffs were provided Jayco's warranty prior to purchasing the Motorhome. Furthermore, Tina Slabach is not an employee of the selling dealership and was not present during Plaintiffs' purchase of the subject Motorhome.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 22nd day of February 2024, in Los Angeles, California.

*/s/ Andrew P. Matera*
Andrew P. Matera

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2024, I filed the foregoing document entitled **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE TO INDIANA FEDERAL COURT PURSUANT TO 28 U.S.C § 1404 (A); DECLARATION OF ANDREW P. MATERA, ESQ.** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

_____*/s/ David N. Barry*_____